## CUTHBERT v. VIRGINIA.

The head-note in this case will be found on page 664, *ante*.

Mr. Justice Bradley, continuing, stated the case as follows:

The next case to be considered is that of *Cuthbert* v. *The State of Virginia.* This was a presentment found against Cuthbert in the hustings court of the city of Petersburg, Virginia, charging that he did, on the first day of November, 1888, and had continuously from day to day since that time, in said city, unlawfully sold and offered to sell, and unlawfully tendered and passed to divers persons, naming them, tax-receivable coupons from the bonds of the State of Virginia, without having previously obtained a special license, as required by law, auth~izing him, said Cuthbert, to sell and offer to sell and to tender and pass such coupons, he, in doing the same, acting as the agent and broker for another person or persons to said jurors unknown; contrary to the act of assembly in that behalf. The presentment contained two other counts, which were abandoned. The defendant tendered a special plea in writing, to which the Commonwealth demurred, and the court sustained the demurrer. The defendant then pleaded not guilty. The jury, under the rulings of the court, found him guilty and assessed a fine of $500. On the trial the case was submitted to the jury upon an agreed statement of facts. The principal facts shown by this statement were, that on the first day of November, 1888, the defendant sold and offered to sell, and tendered and passed, and offered to tender and pass for another, as charged in the presentment, tax-receivable coupons from bonds of the State of Virginia, which were overdue and bore upon their face the contract of said State that they should be received in payment

of all taxes, debts and demands due said State from taxpayers owing taxes to the said State, and that he did not have the special license therefor required by the act of May 23, 1887, and had not. paid the license tax of $1000 provided by said act for the privilege of . selling the same, nor the state tax of twenty per centum upon the face value of the same; also, that the defendant Cuthbert was a member of a firm doing business in Petersburg as insurance agents, representing various foreign insurance companies, all of which had paid to the State all license taxes assessed upon them; also, that the defendant was not engaged in any business upon which a license tax is charged by the State, except the business of selling tax-receivable coupons from bonds of the State, and had not been so engaged. Upon this agreed statement of facts, the defendant moved the court to instruct the jury that the act under which the presentment was found is repugnant to section 10 of article 1 of the Constitution of the United States, and therefore void, and that they must acquit the defendant. The court refused to give this instruction, but instructed the jury that the said act is not repugnant to the Constitution, and the defendant excepted. After the verdict was rendered, the defendant moved the court to set it aside upon the same grounds, which motion was overruled. The cause was carried to the Supreme Court of Appeals, and by that court the judgment was affirmed and its decision is now here for review. The question in this case is, whether the act requiring a license tax for the sale of coupons was or was not in violation of that clause of the Constitution of the United States which relates to impairing the obligation of contracts.

*Mr. Daniel H. Chamberlain* and *Mr. William L. Royall* for plaintiff in error.

*Mr. R. A. Ayers*, Attorney General of the State of Virginia, and *Mr. J. Randolph Tucker* for defendant in error.

The only question is, whether the business of a broker in these coupons is beyond the reach of a license tax by the

State, because coupons are receivable for taxes. Does the license tax impair the obligation of the contract to receive coupons for taxes? If it does not, the judgment is right.

The power of taxation is a part of the legislative sovereignty of the State. It existed when the bonds and coupons were issued, they having, in fact, been issued subject to this power of taxation, which was not in any way released or surrendered by their issuance, and being the *lex temporis*, is part and parcel of the bond and coupon contract. If this power of taxation was not expressly reserved, it matters not. For it need not be reserved; it exists and remains always, unless yielded up. See Cooley on Taxation, 54, note 2.

Then, what though the tax imposed on the business of selling the coupons be a tax on the coupons themselves. The State is entitled to tax all persons, property and business, within its jurisdiction. The business is done, or proposed to be done here, within the jurisdiction of the State; and that business is a legitimate subject of taxation. How, then, can it be said that the statute of 1883–4, which imposes a tax on the doing of the business of selling the coupons, is beyond the limits of the constitutional legislative powers of the State and void?

Mr. Justice Bradley, continuing, delivered the opinion of the court in this case.

It is manifest from the terms of the act of 1871, as well as that of 1879, under which tax-receivable coupons were authorized to be and were issued, that said coupons were intended to circulate from hand to hand, being expressly made payable to bearer, and being made receivable for taxes, debts, dues and demands due to the State. Any undue restraint upon the free negotiability of these instruments, therefore, would be a violation of the clear understanding and agreement of the parties. That the license required by the 65th section of the tax act of March 15, 1884, as amended by the act of May 23, 1887, was a very material interference with such negotiability, is most manifest. If sustained as a valid act of legislation, and carried

into effect, it would prevent the negotiation of such coupons by any holder thereof. The enormous license fee of one thousand dollars in towns of more than ten thousand inhabitants and of five hundred dollars in other counties and towns, with the exception of twenty per cent of the face value on every coupon sold, was absolutely prohibitory in its effect. A material quality of the coupons — their negotiability — was thereby destroyed. The point cannot be made any clearer by argument than it appears by the mere statement of it. This follows whether the law is construed as applicable to the sale by a coupon-holder of his own coupons, or to the sale or passing by any person of coupons for another. An owner of coupons residing in New York or London, under the operation of the law, if the coupons were not paid by the State when they became due, would be obliged to go in person to Virginia in order to dispose of them to those who might be able and willing to use them in the payment of taxes.

*The judgment in this case must also be reversed, and the record remanded for the purpose of such proceedings to be had as law and justice may require in accordance with this opinion.*